IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GEORGIA RAE STEPHENS                                                                                    PLAINTIFF

V.                                              NO. 08-CV-1026

NATHANIEL STEPHENS                                                                                  DEFENDANT

## **ORDER**

For the reasons stated below, the Court finds that this case should be remanded back to the state court from which it was removed. On April 22, 2008, Third Party Defendant Georgia Pacific Corporation ("GP") caused this action to be removed from the state court where it was then pending. As cause for the removal, GP invoked the Court's federal question jurisdiction based upon Plaintiff's claim that she was entitled to benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. *See* 28 U.S.C. §§ 1331 and 1441.

Plaintiff Georgia Rae Stephens reopened the divorce proceedings between her and her ex-husband, Defendant Nathaniel Stephens, on January 23, 2008, in state court. On March 18, 2008, Plaintiff named GP as a Third Party Defendant. On April 22, 2008, GP caused this action to be removed from state court. On May 21, 2008, Plaintiff filed a motion to dismiss her ERISA claim against GP. The Court granted Plaintiff's motion, and GP was dismissed from this action. The only remaining claims in this action are Plaintiff's contempt claim against Defendant for failure to make alimony and child support payments and Defendant's counterclaim requesting a modification of his child support payments.

A defendant has the right to remove a case from state to federal court if the plaintiff's

cause of action arises under federal question law. *See* 28 U.S.C. § 1441(b). In any civil action of which the district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). When state claims are properly in federal court as supplemental to a federal claim, the district court may retain jurisdiction over these state claims even when the federal claim falls away. *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). However, the district court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In other words, the court maintains discretion to either remand the sate claims or keep them in federal court. *Lindsey*, 306 F.3d at 599.

      Here, the Court's jurisdiction of this case is based on a federal question. However, since the removal of this case, the Court has dismissed the federal question claim. The remaining claims in this action do not involve a federal question. Thus, pursuant to 28 U.S.C. § 1367(c)(3), the Court exercises its discretion to reject supplemental jurisdiction in this case. The Court believes that remanding this case to state court is appropriate under the circumstances. The only remaining claims are those arising under state law, which will best be tried in state court. Accordingly, the Court remands this action back to the state court from which it was removed.

      **IT IS SO ORDERED**, this 24th day of June, 2008.

      /s/ Harry F. Barnes  
      Hon. Harry F. Barnes  
      United States District Judge